UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TAHSHA PATRICE JACKSON, | Case No. 15-CV-0504 (SRN/JJK) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| DEPARTMENT OF HUMAN SERVICES BACKGROUND STUDIES; and KRISTEN JOHNSON, | |
| Defendants. | |

Plaintiff Tahsha Patrice Jackson commenced this action by filing a complaint alleging that the named defendants violated her civil rights. Jackson's original complaint was hard to follow. Broadly speaking, Jackson alleged that the defendants had discriminated against "women of color" by denying them "the right to be in the healthcare field," *see* Compl. at 3 [ECF No. 1], but apart from these conclusory allegations, this Court could not understand how Jackson was alleging that defendants had violated the law. Making matters worse, Jackson's handwritten complaint was almost illegible. Rather than recommending dismissal of this action, though, this Court gave Jackson an opportunity to file an amended complaint and referred Jackson to the Federal Bar Association for further assistance.

On March 26, 2015, Jackson filed a document entitled "amended complaint." *See* ECF No. 5. It was not altogether clear from that amended complaint whether Jackson intended that document to be the operative pleading going forward, as she requested that she be given an extension of time to further prepare her case. *Id*. at 5, 6. The Court granted her request for an

extension of time and gave Jackson until May 15, 2015 to file a second amended complaint, if she so chose.

Jackson has now filed a second amended complaint.  *See* ECF No. 7.  She has also filed a motion for relief from a prior conviction.  *See* ECF No. 8.  That complaint and motion, along with Jackson's still-pending application to proceed *in forma pauperis* ("IFP"), are now before this Court for consideration.

Based on the information provided by Jackson in her IFP application, the Court finds that Jackson qualifies financially for IFP status.  However, an IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).  In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Jackson's second amended complaint is only marginally more comprehensible than her previous pleadings. As best this Court can tell, Jackson alleges that she filed a job application with Divine PCA Services Inc. ("Divine"), a company which provides personal-care services for the elderly or disabled. (It appears from the documents filed as exhibits to Jackson's complaints that, had Jackson been hired by Divine, she would have been eligible to be financially compensated for the time she has spent providing personal care for her mother.) Jackson's application was denied by Divine, however, due to previous criminal convictions she has incurred in state court. Jackson contends that this failure to hire by Divine amounts to unlawful discrimination.

As an initial matter, this Court almost certainly lacks the legal authority to grant Jackson the primary relief she seeks: expungement of her criminal record. Even if Jackson's criminal convictions were unlawful for some reason — and there is no reason from the record before this Court to believe that they were — the Court's authority to review state-court criminal judgments is limited to instances in which the individual seeking relief remains "in custody." *See* 28 U.S.C. § 2254(a). It appears that the custodial effects of Jackson's conviction expired long ago. *See State v. Jackson*, No. C2-99-353, 1999 WL 562104 (Minn. Ct. App. Aug. 3, 1999). If this Court is mistaken and Jackson is eligible for federal relief from her state-court convictions, the appropriate vehicle through which Jackson should challenge her conviction is a petition for a writ of habeas corpus, not a civil complaint.

In any event, this lawsuit must be dismissed for a more fundamental reason. The vast majority of Jackson's allegations are directed towards Divine, yet Divine has never been named as a defendant to this action, and Jackson does not seek relief of any kind from Divine. Instead,

Jackson has named the Minnesota Department of Human Services and an officer of that department as defendants. But there is no basis in any of Jackson's pleadings from which this Court could conclude that those defendants have acted unlawfully. For example, Jackson has not alleged facts that, if proved, would show that those defendants have failed to follow appropriate procedures for determining whether a conviction on a criminal record should be expunged; or that those defendants have used improper criteria, such as race or gender, in recommending whether Jackson's conviction should be expunged; or any other facts that can colorably be interpreted as a violation of federal law by those defendants.

This Court understands that Jackson is frustrated about the lingering effects of criminal convictions she incurred long ago. Still, Jackson cannot maintain a federal lawsuit on the basis of frustration alone. Without factual allegations showing how the Minnesota Department of Human Services, or Divine, or someone else violated the law, Jackson may not proceed with this litigation. Because Jackson has thrice failed to state a claim on which relief may be granted against the defendants, this Court now recommends that this action be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii).

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be SUMMARILY DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff Tahsha Patrice Jackson's application to proceed *in forma pauperis* [ECF No. 2] be DENIED.

    3.    Jackson's motion for relief from conviction [ECF No. 8] be DENIED AS MOOT.

Dated: May 19, 2015                              *s/ Jeffrey J. Keyes*
                                                JEFFREY J. KEYES
                                                United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.