UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Tahsha Patrice Jackson,** | Civil No. 15-CV-504 (SRN/JJK) |
| **Plaintiff,** | |
| | **MEMORANDUM OPINION AND ORDER** |
| v. | |
| **Department of Human Services Background Studies; and Kristen Johnson,** | |
| **Defendants** | |

_____

Tahsha Patrice Jackson, General Delivery, Minneapolis, MN 55440, *Pro Se*
_____

SUSAN RICHARD NELSON, United States District Court Judge

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Jeffrey J. Keyes, dated May 20, 2015 [Doc. No. 9]. In the R&R, Magistrate Judge Keyes addressed Plaintiff Tahsha Jackson's in forma pauperis application ("IFP application") [Doc. No. 2], recommending that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and that Jackson's IFP application be denied. Jackson submitted objections to the R&R, which were filed on June 3, 2015. ("Objections" [Doc. No. 10].)

According to statute, the Court must conduct a de novo review of any portion of the magistrate judge's opinion to which specific objections are made and "may accept,

1

reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); see also Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review and for the reasons set forth below, the R&R is adopted.

I. BACKGROUND

Jackson, who is proceeding *pro se*, initially filed this action on February 13, 2015, alleging that Defendants violated her civil rights by discriminating against her. (Compl. at 3-5 [Doc. No. 1].) She simultaneously applied for IFP status. [App. for IFP Status [Doc. No. 2].) As noted in the R&R, while Jackson's initial Complaint was difficult to understand, she broadly alleged that Defendants had "discriminated against women of color" by denying them the "right to be in the healthcare field." (Compl. at 3 [Doc. No. 1].)

In a February 24, 2015 Order, Magistrate Judge Keyes noted that while Jackson appeared to meet the financial qualifications for IFP status, he found that her Complaint failed to state a claim on which relief could be granted. (Order of 2/24/15 at 1 [Doc. No. 3].) In particular, the magistrate judge stated that the Complaint failed to specify DHS' actions or inactions challenged by Jackson, or how those actions violated the law. (Id. at 2.) The magistrate judge declined to rule on Plaintiff's IFP application at that time, but provided her an opportunity to file an amended pleading, noting that if Plaintiff failed to do so within a specified period, he would recommend dismissal of this action without prejudice. (Id.)

Magistrate Judge Keyes also wrote Ms. Jackson a letter, referring her to a program offered by the Minnesota Chapter of the Federal Bar Association ("FBA") called the FBA *Pro Se* Project. (Letter of 2/24/15 at 1 [Doc. No. 4].) Magistrate Judge Keyes explained that "[u]nlike criminal cases where there is a right to counsel, a person filing a civil case such as yours has no legal right to have the Court appoint a lawyer to assist him or her." (Id.) He noted that through the FBA *Pro Se* Project, Ms. Jackson might be able to find a volunteer lawyer to assist her, but there was no requirement that a lawyer volunteer to do so. (Id.)

On March 26, 2015, Jackson filed a document entitled "Amended Complaint," but also requested an extension of time in which to prepare her case as she attempted to find legal representation. (Am. Compl. at 5, 6 [Doc. No. 5].) In an April 1, 2015 Order, Magistrate Judge Keyes noted that it was unclear from Jackson's recent filing whether she intended for her "Amended Complaint" to be her amended pleading going forward, in light of her request for an extension of time. (Order of 4/1/15 at 1 [Doc. No. 6].) Consequently, Magistrate Judge Keyes granted Plaintiff's request for an extension of time, giving her until May 15, 2015 to file a second amended Complaint. (Id.) The magistrate judge noted that if Jackson failed to do so or informed the Court that she did not intend to do so, he would rule on her IFP application based on the representations made in that application and in the Amended Complaint. (Id. at 1-2.)

On April 13, 2015, Central Minnesota Legal Services informed Plaintiff that it was unable to represent her, but attached copies of Plaintiff's public court records and a

factsheet entitled "Job Disqualifications" to assist Plaintiff in understanding the job disqualification provisions of Minn. Stat. § 245C.15. (Letter of 4/13/15 from L. Kaiser to T. Jackson [Doc. No. 11-1].) Central Minnesota Legal Services further explained the procedure for challenging a disqualification and also provided information about a website that offers free legal information. (Id.)

On April 22, 2015, Brigid Dowdal, Chief Legal Counsel of DHS, contacted Plaintiff. Dowdal's letter was in response to Plaintiff's communications regarding the job disqualification that was determined by DHS' Background Studies Division. (Letter of 4/22/15 from B. Dowdal to T. Jackson [Doc. No. 11-1].) Dowdal explained her understanding of Plaintiff's case, noting that it appeared that on July 3, 2014, Jackson had requested reconsideration of DHS' disqualification finding. (Id.) In an August 18, 2014 response letter, DHS explained the limited scope of review available. (Id.) In addition, Dowdal noted that Jackson had apparently petitioned for a criminal expungement in Ramsey County District Court, which was returned to Jackson on July 7, 2014, because of an incomplete criminal record and unpaid fines. (Id.) Although no DHS administrative remedies or hearing rights were available to Jackson, Dowdal offered to meet with Jackson, along with a representative from Licensing or Background Studies, to further explain Jackson's case. (Id.)

On May 15, 2015, Jackson filed the Second Amended Complaint [Doc. No. 7] and a Motion for Relief from Prior Conviction [Doc. No. 8].

In the R&R, Magistrate Judge Keyes again noted that while Jackson appeared to meet the financial qualifications for IFP status, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim upon which relief may be granted. (R&R at 2) (citations omitted). Even viewing all allegations in the Second Amended Complaint as true, and construing Jackson's *pro se* pleading liberally, the magistrate judge found that Jackson failed to state a proper claim. (Id.) The magistrate judge noted that Jackson appeared to allege that she filed a job application with Divine PCA Services Inc. ("Divine"), a company that provides personal care services for the elderly or disabled. (Id. at 3.) Jackson's application with Divine was apparently denied due to previous criminal convictions that Jackson had incurred in state court. (Id.) As the magistrate judge observed, Jackson alleges that Divine's failure to hire her amounted to unlawful discrimination. (Id.)

As an initial matter, the magistrate judge found that the Court lacked legal authority to grant Jackson the primary relief sought – the expungement of her criminal record. (Id.) As to Jackson's claims of discrimination, the magistrate judge observed that although the majority of Jackson's claims were directed at Divine, she failed to name Divine as a defendant and sought no relief from Divine. (Id.) Instead, Plaintiff identified DHS and an officer of the Department as Defendants. Magistrate Judge Keyes found that Plaintiff failed to allege any facts that, if proved, would show that Defendants acted unlawfully. (Id. at 4.) Accordingly, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the magistrate judge recommended the dismissal of Plaintiff's lawsuit without prejudice for

failure to state a claim. (Id.) In addition, the magistrate judge recommended the denial of her IFP application. (Id.)

Jackson makes several points in her Objections, which the Court construes as follows: (1) she should have been referred to a law firm or pro bono attorney (Objections at 1 [Doc. No. 10]); (2) she believes that the magistrate judge's decisions were made in haste (id. at 1-2, 5); (3) she maintains that she has a right to counsel and the denial of that right constitutes discrimination; and (4) she requests a hearing or mediation (id. at 7).

**II. DISCUSSION**

As the R&R correctly states, if an IFP applicant files a complaint that fails to state a cause of action upon which relief may be granted, the Court may dismiss the action. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). This Court has noted that because the language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), the Court applies Rule 12(b)(6) standards when evaluating dismissals under § 1915(e)(2)(B)(ii). Washington v. Vaghn, No. 14-CV-525 (JRT/JSM), 2014 WL 3687240, at *3-4 (D. Minn. July 24, 2014) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); Atkinson, 91 F.3d at 1128-29 (applying standard of review for failure to state a claim under Rule 12(b)(6) applicable at the time to a dismissal under 28 U.S.C. § 1915(e)(2)(B)(i)). When evaluating a complaint under Rule 12(b)(6), the Court assumes the facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the plaintiff. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). A *pro se* complaint must be

liberally construed, Atkinson, 91 F.3d at 1129 (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)), but a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Twombly, 550 U.S. at 556.

Applying this standard, the magistrate judge correctly determined that Plaintiff's Second Amended Complaint failed to state a claim upon which relief can be granted. The Court agrees that the primary relief that Jackson seeks – expungement of her state court convictions – is beyond the authority of this Court. Rather, this Court's ability to review state-court criminal judgments is limited to instances in which the person seeking relief is in custody, and relief is sought pursuant to 28 U.S.C. § 2254. Moreover, as the magistrate judge noted, it appears that the custodial effects of Jackson's conviction have expired. (R&R at 3 [Doc. No. 9]) (citing State v. Jackson, No. C2-99-353, 1999 WL 562104 (Minn. Ct. App. Aug. 3, 1999). Because the Court has no authority to provide Plaintiff relief from her prior convictions by means of this lawsuit, her separate Motion for Relief from Conviction [Doc. No. 8] is therefore denied.

7

As to Plaintiff's discrimination claims against Defendants, the Court also agrees with Magistrate Judge Keyes that Plaintiff fails to allege any facts demonstrating that Defendants acted unlawfully.  The magistrate judge properly noted that Jackson has not alleged facts that, if proved, would show that Defendants failed to follow appropriate procedures for determining whether a conviction or a criminal record should be expunged; or that Defendants used improper criteria in recommending whether Jackson's conviction should be expunged; or that any other fact can possibly be construed as a violation of federal law by Defendants.  (Id. at 4.)  Because Plaintiff had made three attempts in which to state a claim for relief in this lawsuit, the magistrate judge's recommendation to dismiss Jackson's claims without prejudice was proper.

Regarding Plaintiff's concerns about obtaining legal counsel, unlike criminal proceedings, there is no constitutional or statutory right to the appointment of counsel in civil litigation.  Stevens v. Redwing, 146 F.3d 538, 547 (8th Cir. 1998).  While the magistrate judge was under no obligation to do so, he did, in fact, refer Jackson to the FBA's *Pro Se* Project (see Order of 2/24/15 at 2-3 [Doc. No. 3]; Letter of 2/24/15 from J. Keyes to T. Jackson [Doc. No. 11-1]), which attempts to find volunteer lawyers for civil litigants who would otherwise represent themselves.  Either through the *Pro Se* Project, or by some other means, it appears that Jackson contacted Central Minnesota Legal Services.  (See Letter of 4/13/15 from L. Kaiser to T. Jackson [Doc. No. 11-1].)  While Central Minnesota Legal Services was unable to provide legal counsel, they did provide information and resources to Jackson.  (Id.)  That Jackson was unable to find

representation in her civil lawsuit is unfortunate, but, as noted earlier, where an IFP applicant's complaint fails to state a claim upon which relief can be granted, a Court may dismiss the lawsuit. 28 U.S.C. § 1915(e)(2)(B)(ii). The recommendation to dismiss Jackson's suit without prejudice was proper.

As to Jackson's claim that the magistrate judge's ruling was made in haste, the Court finds no legal basis for such an objection. To the contrary, the magistrate judge's rulings and communications with Jackson evidence a detailed application of the law to the facts and careful consideration of the merits of her claims.

Finally, there is no constitutional or statutory right to a hearing or mediation of this matter. Plaintiff's request is therefore denied.

Accordingly, for all of the reasons set forth in this Order, the Court adopts the R&R in its entirety. As the magistrate judge noted, the Court understands Plaintiff's frustrations about the lingering effects of criminal convictions, but without factual allegations demonstrating how DHS or Divine or someone else violated the law, Plaintiff may not proceed with this litigation.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Application for Leave to Proceed In Forma Pauperis [Doc. No. 2] is **DENIED**;
2. Plaintiff's Motion for Relief from Conviction [Doc. No. 8] is **DENIED**;
3. The Report and Recommendation [Doc. No. 9] is **ADOPTED**;
4. Plaintiff's Objections to the Report and Recommendation [Doc. No. 10] are

9

**OVERRULED;** and

5. This action is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: August 4, 2015

s/Susan Richard Nelson  
SUSAN RICHARD NELSON  
United States District Court Judge